Filed 3/5/13  P. v. F.B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>F.B.,<br><br>    Defendant and Appellant. | D062557<br><br><br>(Super. Ct. Nos. SCE236759 &<br>MH107539) |


APPEAL from a judgment of the Superior Court of San Diego County, Dwayne
K. Moring, Judge.  Affirmed.


A complaint filed in May 2012, charged F.B. with assault with a deadly weapon
with personal use of a deadly weapon (Pen. Code, §§ 245, subd. (a)(1), 1192.7, subd.
(c)(23); all further statutory references are to this code) and vandalism (§ 594, subds. (a),
(b)(1)), and alleged she had served a prior prison term (§ 667.5, subd. (b)).  In August,
the court found F.B. was not mentally competent to stand trial and lacked capacity to give
or withhold informed consent to the administration of antipsychotic medication.  The

court ordered F.B. committed to Patton State Hospital for a maximum term of three years and authorized involuntary administration of antipsychotic medication. F.B. appeals. We affirm.

## BACKGROUND

The complaint alleged that on May 24, 2012, F.B. assaulted the victim with a metal broom and committed vandalism causing at least $400 in damage. In July, a psychiatrist evaluated F.B. and reported she was delusional and unable to carry on a rational conversation. She exhibited an illogical thought process and behaved in a bizarre, psychotic manner. She suffered from bipolar disorder and cocaine dependence. The psychiatrist determined F.B.'s mental disorder required treatment with antipsychotic medication, she would benefit from the medication, the medication was in her best medical interest, she lacked the capacity to make decisions regarding the medication, there were no alternative treatments and the treatment was likely to restore her to competence. The psychiatrist concluded F.B. did not have an adequate understanding of the nature of the proceedings against her and could not assist her attorney in a rational manner in her own defense. He recommended she be referred to a state hospital for restoration to competency.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel lists, as possible, but not arguable, issues:

whether the court abused its discretion by finding F.B. incompetent to stand trial, and in authorizing involuntary administration of antipsychotic medication.

We granted F.B. permission to file a brief on her own behalf. She has not responded. A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738, including the possible issues listed pursuant to *Anders v. California, supra,* 386 U.S. 738, has disclosed no reasonably arguable appellate issues. F.B. has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.